IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHAWN BUTLER,<br><br>        Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC.,<br><br>        Defendant                     / | No. 04-2268 MMC<br><br>**ORDER GRANTING IN PART, DENYING IN PART AND DEFERRING RULING IN PART ON PLAINTIFF'S REQUEST FOR CONTINUANCE** |

      Before the Court is plaintiff's request to continue, for a period of 90 days, the hearing on defendant's motion for summary judgment, which is currently scheduled for September 2, 2005. Defendant has filed opposition to plaintiff's request.

      In her complaint, plaintiff, a former sales associate employed by defendant, alleges that she was "forced to resign" after her supervisor threatened to fire her on account of a complaint made by a customer of whom plaintiff had "no recollection." (See Compl., third unnumbered page.) In the instant request, plaintiff argues she needs additional time to respond to defendant's motion because she first needs to depose a witness, Michelle Dannis ("Dannis"), the person who assertedly complained to defendant about plaintiff. Plaintiff states that Dannis may testify she did not make a complaint, and that such testimony will support plaintiff's theory that plaintiff's supervisor "fabricated" the complaint. (See Pl.'s Req., third unnumbered page.)

Among the issues presented in defendant's motion is whether defendant is entitled to summary judgment on plaintiff's claim for wrongful discharge.[1] Because plaintiff alleges that she resigned, plaintiff, in order to prevail on a claim for wrongful discharge, must establish that she was "constructively discharged"[2] and, if so, that such discharge was "wrongful."[3]  See Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1251 (1994). Defendant, in its motion, argues that plaintiff cannot establish that she was constructively discharged or, even if she was, that the discharge was wrongful.

Assuming, arguendo, plaintiff is able to properly serve Dannis with a subpoena to appear at a deposition,[4] and that Dannis then testifies in the manner plaintiff suggests, such testimony, at best, might support a finding that plaintiff was constructively discharged. Plaintiff has not shown, however, how such testimony would support a finding that any such discharge was "wrongful," as that term is used in Turner, or how it would support plaintiff's other claims.

Consequently, the Court finds plaintiff has not provided good cause for a continuance of the hearing, to the extent defendant argues plaintiff, even if she was constructively discharged, cannot establish any such discharge was wrongful.  Similarly,

---

[1] Additionally, defendant seeks judgment on plaintiff's claim for conversion and as to plaintiff's claim for emotional distress damages.

[2] "In order to establish a [claim of] constructive discharge, an employee must plead and prove, by the usual preponderance of the evidence standard, that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1251 (1994).

[3] "Even after establishing a constructive discharge, an employee must independently prove a breach of contract or tort in connection with employment termination in order to obtain damages." Id. at 1251.  In the absence of a breach of the terms of an express or implied employment contract, an employee must prove the reason for termination "contravenes fundamental public policy as expressed in a constitutional or statutory provision." Id. at 1252.

[4] By order filed August 5, 2005, Magistrate Judge Edward M. Chen denied plaintiff's motion to compel Dannis to appear for a deposition, on the ground plaintiff had not demonstrated she had properly served Dannis.  Magistrate Chen advised plaintiff that, in the event she still wished to depose Dannis, she must properly serve Dannis with a subpoena and to give defendant notice of the deposition subpoena.

1  the Court finds plaintiff has not provided good cause for a continuance of the hearing on
2  defendant's motion, to the extent defendant seeks summary judgment on plaintiff's claims
3  for conversion and for emotional distress damages.
4        Accordingly, the Court hereby DENIES plaintiff's request for a continuance, with two
5  exceptions.  First, the Court will DEFER ruling on whether plaintiff is entitled to a
6  continuance insofar as the motion pertains to the element of whether plaintiff was
7  constructively discharged, and, as explained below, plaintiff is not required to respond at
8  this time to the portion of defendant's motion that addresses the element of constructive
9  discharge.
10        Second, because plaintiff's opposition to defendant's motion is currently due on
11  August 12, 2005, and the instant order will be served by mail on plaintiff, the Court will
12  GRANT plaintiff a short extension of time, specifically, ten additional days, to file her
13  opposition.  If plaintiff is able to show a triable issue exists as to the element of
14  wrongfulness, the Court will revisit the question of whether plaintiff should be granted an
15  extension, if needed, to oppose defendant's motion as to the element of whether she was
16  constructively discharged.
17        In light of the above, the Court hereby sets the following revised briefing schedule:
18        1. Plaintiff's opposition to defendant's motion for summary  judgment shall be filed
19  with the Clerk and served on defendant no later than August 22, 2005.  In her opposition,
20  plaintiff is directed to respond to the arguments set forth in defendant's motion, with the
21  exception that plaintiff may, but need not, respond to the argument identified by defendant
22  in its motion, on page 1, as "Issue No. 1."[5]
23        2. Defendant's reply to plaintiff's opposition shall be filed and served no later than
24  August 29, 2005.
25  //
26  //
27
28       [5]In its motion, defendant's argument corresponding to "Issue No. 1" is set forth on page 10, line 9, through page 13, line 5.

3

3.  Unless the Court notifies the parties otherwise, the Court will conduct a hearing on defendant's motion on September 9, 2005, at 9:00 a.m., in Courtroom 7.

**IT IS SO ORDERED.**

Dated:  August 11, 2005

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge