IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHAWN BUTLER,<br><br>      Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC.,<br><br>      Defendant / | No. 04-2268 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |

     Before the Court is defendant Nordstrom, Inc.'s motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff LaShawn Butler has filed opposition, to which defendant has replied. Having reviewed the papers filed by the parties, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for September 9, 2005, and rules as follows.

     1. Defendant is entitled to summary judgment on plaintiff's wrongful termination claim. Assuming, <u>arguendo</u>, plaintiff could establish she was constructively discharged, plaintiff has failed to present evidence to support a finding that any such discharge was wrongful.[1] First, defendant has offered evidence that plaintiff's employment was at-will,

---

[1] By order filed August 11, 2005, the Court deferred ruling on plaintiff's motion to continue the hearing on defendant's motion for summary judgment, to the extent the motion was based on plaintiff's seeking a further opportunity to depose a third-party witness, Michelle Dannis ("Dannis"). The Court hereby DENIES the remaining aspect of plaintiff's motion to continue as moot. As the Court previously stated, testimony by Dannis, "at best,

(see Choi Decl. Ex. B; Barbara Decl. Ex. A at 198:13-24), and plaintiff offers no evidence to the contrary.  Second, plaintiff has failed to offer any evidence to support a finding that her termination implicated a fundamental public policy.  See Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1251-52 (1994) (holding that in absence of breach of express or implied contract for other than at-will employment, employee can prevail on claim for wrongful termination only if reason for termination "contravenes fundamental public policy as expressed in a constitutional or statutory provision").

       2.  Defendant is entitled to summary judgment on plaintiff's conversion claim.  Plaintiff asserts that some of her co-workers credited, to another employee, certain sales for which plaintiff was entitled to credit.  Plaintiff argues that defendant should be held responsible because the managers to whom she complained failed to take sufficient action.  "[T]he rule in this state is that the employer is liable for the willful misconduct of his employees acting in a managerial capacity."  Agarwal v. Johnson, 25 Cal. 3d 932, 947 (1979), disapproved on other grounds, White v. Ultrimar, 21 Cal. 4th 563, 574 fn. 4 (1999).  In support of its motion, defendant has offered evidence that two of its managers, Andrea Wheatfill ("Wheatfill") and May Choi ("Choi"), as well as defendant's "Loss Prevention" department, conducted separate investigations into plaintiff's charges, and that defendant determined as a result of such investigations that plaintiff's co-workers had not engaged in improper conduct.  (See Choi Decl. ¶ 5; Wheatfill Decl. ¶ 5.)  In opposition, plaintiff offers no evidence to contradict defendant's evidence or to otherwise establish a triable issue of fact as to whether the manner in which defendant's managers investigated plaintiff's complaints constituted "willful misconduct" on the part of the managers.[2]  Cf. Agarwal, 25

---

might support a finding that plaintiff was constructively discharged."  (See Order, filed August 11, 2005, at 2:8-10.)  As explained herein, however, plaintiff cannot establish a wrongful discharge claim, even assuming she can establish she was constructively discharged.

    [2]Plaintiff offers evidence that Wheatfill advised plaintiff during a performance review that plaintiff "sort of rocked the boat," (see Butler Decl. ¶ 3), and that, on another occasion, Wheatfill expressed "anger" after learning plaintiff met with the store director about plaintiff's interest in becoming a fashion buyer, (see id. ¶ 7).  While such evidence may indicate some concern on Wheatfill's part about intra- and/or inter-departmental relations, it

1  Cal. 3d at 947 (holding defendant employer properly held liable for act of supervisor who
2  ratified plaintiff's termination even though supervisor knew proffered reason for termination
3  was untrue); Cotran v. Rollings Hudig Hall Int'l, Inc., 17 Cal. 4th 69, 109 (1998) (holding,
4  where manager has made determination as to whether employee engaged in misconduct,
5  "the question critical to defendants' liability is not whether [the misconduct occurred], but
6  whether at the time the decision . . . was made, defendants, acting in good faith and
7  following an investigation that was appropriate under the circumstances, had reasonable
8  grounds for believing [the misconduct occurred]").

9        3.  In a declaration dated August 9, 2005, plaintiff states defendant has not produced
10 documents that, according to plaintiff, defendant had been ordered to produce by
11 Magistrate Judge Edward Chen.  The Court construes plaintiff's declaration as a request for
12 a continuance under Rule 56(f).  So construed, the request is denied on the ground plaintiff
13 has failed to identify the documents that allegedly have not been produced,[3] and has failed
14 to set forth the reasons why such documents, if offered, would suffice to defeat defendant's
15 motion.  See Garrett v. City and County of San Francisco, 818 F. 2d 1515, 1518 (9th Cir.
16 1987) (holding party opposing summary judgment, to properly support a request for
17 continuance, "must make clear what information is sought and how it would preclude
18 summary judgment").
19 //
20 //
21 //
22 //
23 //
24 _____

25 does not constitute evidence sufficient to support a finding that Wheatfill engaged in willful
26 misconduct with respect to the manner in which Wheatfill investigated plaintiff's claims
   against her co-workers.

27    [3]Attached to plaintiff's declaration is a "Demand for Production of Documents," which
28 plaintiff apparently served on defendant; plaintiff has not indicated, however, which
   documents referenced therein have not been produced.

3

**CONCLUSION**

For the reasons discussed above, defendant's motion for summary judgment is hereby GRANTED.

The Clerk shall close the file and terminate all pending motions.

**IT IS SO ORDERED.**

Dated:  August 25, 2005

                                        MAXINE M. CHESNEY
                                        United States District Judge